Dan Chris IVY *v.* STATE of Arkansas

CA CR 95-135                                        917 S.W.2d 179

Court of Appeals of Arkansas
Opinion delivered March 13, 1996

*Erwin L. Davis*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

PER CURIAM. The appellant in this criminal case is appealing his conviction for the third-degree battery of his ex-wife. One of the issues on appeal involves the medical records of the victim. These records were not introduced at trial. By a *per curiam* of

May 24, 1995, we ordered the medical records sealed. By a *per curiam* of August 30, 1995, we granted the appellant leave to review the portions of the record under seal. We explicitly directed the appellant to confine any mention of the sealed documents to a separate addendum to his brief filed with our Clerk under seal. The appellant did not comply with this order. He filed no addendum, but has discussed the sealed documents in the body of his brief. After filing his brief, the State filed a motion to have the appellant's brief sealed in its entirety because of its contamination by reference to the sealed documents. The appellant has joined in the State's motion. Nevertheless, we deny the motion and direct the appellant to rebrief this case in compliance with our *per curiam* of August 30, 1995.

The agreement of the parties to seal the appellant's entire brief cannot suffice in this case because the right of access to court records does not belong to the parties, but instead belongs to the public. *See Arkansas Best Corp.* v. *General Electric Capital Corp.*, 317 Ark. 238, 878 S.W.2d 708 (1994). This Court is therefore required to balance the public's right of access in exercising its inherent authority to seal records, and in so doing it must overcome a "strong presumption in favor of the right of access." *Id.* Our Supreme Court has said that the sealing of any other records besides those explicitly authorized by statute would be subjected to close scrutiny. *Id.* at 247. Although no statute specifically authorizes a sealed record in the case at bar, Ark. Code Ann. § 16-13-318 (Repl. 1994) authorizes closed proceedings in domestic relations cases. We think that, given the confidential nature of the sealed records relating to the victim and the fact that this case arose out of a domestic relations matter, the circumstances of the case at bar are sufficiently within the concerns addressed by § 16-13-318 to support the partial and selective sealing of the appellant's brief we ordered on August 30, 1995. We do not, however, believe that the entire brief should be sealed in this criminal matter.

Consequently, the State's motion to file the appellant's brief under seal is denied. The brief previously filed by the appellant is to be stricken, and the appellant is ordered to rebrief this matter in its entirety in the manner specified in our *per curiam* of August 30, 1995, with the briefs to be filed with our Clerk on or before the 15th day of April, 1996, including the

separate brief which is to be filed under seal. The State's brief will be due thirty days thereafter.

Motion denied.